1

2

3

4

5          UNITED STATES DISTRICT COURT

6          EASTERN DISTRICT OF WASHINGTON

7   LOUIS A. WYDO, JR. and KAREN
    M. WYDO,                                      NO:  12-CV-0565-TOR
8
                           Plaintiffs,            ORDER OF DISMISSAL WITHOUT
9                                                 PREJUDICE
           v.
10
    NORTHWEST TRUSTEE
11  SERVICES, INC.; STEPHEN
    ROUTH; GMAC MORTGAGE, LLC;
12  ERIC A. FELDSTEIN; MERSCORP,
    INC.; BILL BECKMAN; SPOKANE
13  COUNTY; and HOMECOMINGS
    FINANCIAL, LLC,
14
                           Defendants.
15

16                                BACKGROUND

17         On November 14, 2012, Defendants Northwest Trustee Services, Inc. and

18  Stephan Routh filed a Motion to Dismiss Plaintiffs' Complaint for failure to state a

19  claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6).  ECF

20  No. 14.  On November 29, 2012, Defendants GMAC Eric A. Feldstein, Merscorp,

ORDER OF DISMISSAL WITHOUT PREJUDICE ~ 1

Inc., and Bill Beckman filed a motion to join in and supplement the previously

filed Motion to Dismiss.  ECF No. 18.  *Pro se* Plaintiffs filed no response to either

motion.  On January 4, 2013, the Court ordered Plaintiffs to show cause on or

before February 4, 2013 as to why their case should not be dismissed for failure to

comply with the Local Rules and failure to prosecute.

DISCUSSION

It is well established that district courts have the authority to dismiss for

failure to prosecute or to comply with court orders.  *See* Fed. R. Civ. P. 41(b);

*Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).  In determining whether

to dismiss a case for failure to comply with a court order or failure to prosecute, the

district court must weigh five factors including: "(1) the public's interest in

expeditious resolution of litigation, (2) the court's need to manage its docket; (3)

the risk of prejudice to the defendants; (4) the public policy favoring disposition of

cases on their merits; and (5) the availability of less drastic alternatives."  *Ferdik*,

963 F.2d at 1260-61; *see also Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.

1986).

While *pro se* pleadings are held to less stringent standards than those

prepared by attorneys, pro se litigants in the ordinary civil case should not be

treated more favorably than parties with attorneys of record. *See Jacobsen v. Filler*,

790 F.2d 1362, 1364 (9th Cir. 1986).  *Pro se* litigants must follow the rules of the

1   court in which he or she litigates.  *Carter v. C.I.R.*, 784 F.2d 1006, 1008 (9th Cir.

2   1986).

3         The Ninth Circuit has held that "[t]he public's interest in expeditious

4   resolution of litigation always favors dismissal."  *Yourish v. California Amplifier*,

5   191 F.3d 983, 990 (9th Cir. 1999).  Similarly, "[i]t is incumbent upon us to

6   preserve the district courts' power to manage their docket without being subject to

7   the endless vexatious noncompliance of litigants …." *Ferdik*, 963 F.2d at 1261.  In

8   the present action, the first two factors weigh in favor of dismissal.  Plaintiffs have

9   not filed a response to Defendants' motions to dismiss, nor did they file a response

10  to the Court's Order to show cause.  This lack of response by Plaintiff clearly

11  suggests that Plaintiffs do not intend to litigate this case diligently, and ongoing

12  delay would hinder the Court's ability to manage its docket.

13        The third factor for the Court to weigh is the risk of prejudice to the

14  Defendants.  The Court must examine whether Plaintiff's actions impaired the

15  Defendants' ability to go to trial or threatened to interfere with the rightful decision

16  of the case.  *Malone v. U.S. Postal Service*, 833 F.2d 128, 131 (9th Cir. 1987).

17  "Limited delays and the prejudice to defendant from the pendency of a lawsuit are

18  realities of the system that have to be accepted, provided the prejudice is not

19  compounded by 'unreasonable' delays." *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th

20  Cir. 1984).  The Court must also weigh whether prejudice is sufficient to support

ORDER OF DISMISSAL WITHOUT PREJUDICE ~ 3

dismissal with consideration of the strength of Plaintiff's excuse for default. *See Malone*, 833 F.2d at 131. In the instant case Plaintiffs have offered no excuse for their default. While this case has only been pending for four months, the complete lack of response by Plaintiffs is approaching an unreasonable delay. However, Plaintiffs lack of response this early in the proceedings has not impaired Defendant's ability to go to trial or threatened rightful decision of the case. For these reasons, this factor weighs slightly against dismissal.

The fourth factor for the Court to consider is the public policy favoring disposition of cases on their merits. The Ninth Circuit has repeatedly found that public policy favors disposition of cases on the merits, therefore, this factor weighs against dismissal. *See Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002); *Malone*, 833 F.2d at 133 n.2.

The fifth factor for the Court to consider is the availability of less drastic alternatives. *See U.S. v. Nat'l Med. Enter.*, 792 F.2d 906, 913 (9th Cir. 1986)(court must first consider the impact of the sanction and the adequacy of less drastic sanctions). "[C]ase law suggests that warning a plaintiff that failure to obey a court order will result in dismissal can suffice to meet the "consideration of alternatives" requirement." *Malone*, 833 F.2d at 132-33. This factor weighs in favor of dismissal. Plaintiffs were clearly instructed that they must show cause as to why their case should not be dismissed. They were given thirty additional days

ORDER OF DISMISSAL WITHOUT PREJUDICE ~ 4

to show cause after their deadline to respond to Defendants' motions to dismiss. Plaintiffs complete lack of response to the pending motions to dismiss and the Court's subsequent Order to show cause demonstrates an unwillingness to participate in prosecuting this action.

After carefully weighing each of the factors, the Court finds that three out of the five weigh in favor of dismissal. Accordingly, the Court orders dismissal of this case without prejudice.

Accordingly, **IT IS HEREBY ORDERED:**

1. All claims and causes of action in this matter are **DISMISSED** without prejudice.

2. All pending motions are **DENIED** as moot.

The District Court Executive is hereby directed to enter this Order and furnish copies to counsel and Plaintiffs at their last known address, and **CLOSE** the file.

**DATED** February 12, 2013.



THOMAS O. RICE
United States District Judge

ORDER OF DISMISSAL WITHOUT PREJUDICE ~ 5